## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BOYD | : | CASE NO.: |
|     Plaintiff | : | |
| VS. | : | |
| | : | |
| NORTH AMERICAN MEDIA, LLC | : | |
| ET AL. | : | MARCH 15, 2023 |
|     Defendant | : | |

### <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

COMES NOW, the Defendants, North American Media, LLC and Macromark, Inc. ("Defendants"), by and through the undersigned counsel, and in accordance with 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby removes the above-captioned case from the Superior Court of Connecticut, Judicial District of Danbury, to the United States District Court for the District of Connecticut.  As the Defendant Enrico Sarli ("Sarli") has not yet received service of process at his last-known address pursuant to Conn. Gen. Stat. § 52-58b(c) as of the date of this notice, this action has not yet commenced against him.  Notwithstanding that Sarli has not been served, he consents to the removal of this action.  In support thereof, Defendants aver the following grounds for removal:

### <u>Entitlement to Removal</u>

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action that includes claims arising under laws of the United States.  The Court shall also exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367, in that they are so related to the claims arising under the laws of the United States that they form part of the same case or controversy. The Plaintiff, David Boyd ("Plaintiff"),

commenced this action through service of the Summons and Complaint upon the Connecticut Secretary of State on February 14, 2023. (*See* **Exhibit A**.)  This Notice of Removal is filed within 30 days of service on the Secretary of State, as required by 28 U.S.C. § 1446(b).

Plaintiff's claims arise out of his employment with Defendants and subsequent termination thereof, and largely involve alleged conduct of Sarli, one of Defendants' officers. (*See* **Exhibit A**, Complaint.)   Plaintiff alleges the following claims against Defendants: retaliation in violation of Conn. Gen. Stat. § 46a-60 and Title VII of the Civil Rights Act of 1964 ("Title VII"); hostile work environment in violation of § 46a-60 and Title VII; intentional infliction of emotional distress; and negligent infliction of emotional distress.  (*Id*.)  Plaintiff also alleges negligence, recklessness, and intentional misconduct claims against Sarli.  (*Id.*)  As such, this Court has federal question and supplemental jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

Under 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims brought pursuant to Title VII.  In addition, under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   Here, Plaintiff's common law and statutory state law claims identified are related to the claims brought pursuant to Title VII such that all claims arise out of Defendant's employment and subsequent termination thereof, and involve alleged conduct of Sarli.  (*See* **Exhibit A**, Complaint.)  These claims were also all brought at the same time and are all against Defendants or Sarli.  (*Id*.)

In light of the foregoing, this Court has original and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, because it includes claims arising under laws of

the United States, in addition to common law and statutory state law claims so related to the claims arising under the laws of the United States that they form part of the same case or controversy.  Moreover, removal venue exists in this Court because Federal statute 28 U.S.C. § 1441 (a) provides that any civil action brought in a state of which the District Courts of the United States have jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing where such action is pending.

### Process and Pleadings

A copy of all process, pleadings, and orders served on Defendants and Sarli in the underlying action are attached to this Notice of Removal as **Exhibit A**, as required by 28 U.S.C. § 1446(a).  No pleadings, process or other papers, other than those attached, have been served upon Defendants or Sarli.  A declaration in support of this Notice of Removal is attached as **Exhibit B**.

### Filing in Connecticut Superior Court

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly given to all adverse parties and shall be filed with the clerk of the Connecticut Superior Court, Judicial District of Danbury.

WHEREFORE, Defendants respectfully request that this action be removed to and proceed hereafter in this Court, and that no further proceedings be had in Connecticut Superior Court.

Respectfully submitted, this 15th day of March, 2023.

**DEFENDANTS, NORTH AMERICA MEDIA, LLC AND  MACROMARK, INC.**

*/s/ Aaron P. Cruz, ct31107*
Aaron P. Cruz
LITCHFIELD CAVO LLP
Their Attorneys
82 Hopmeadow Street, Suite 210
Simsbury, CT, 06089

3

Tel: (860) 413-2800
Fax: (860) 413-2801
cruz@litchfieldcavo.com

## **<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on March 15, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

I further certify that I have on this day served all parties and counsel of record, as well as all counsel for potentially interested parties, with this filing by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Kevin S. Coyne, Esq.
Coyne Von Kuhn Brady & Fries LLC
4 Armstrong Road
Shelton, CT 06484
kcoyne@coynelaw.com
kpetkevich@coynelaw.com

Enrico Sarli
45 Pennebrook Lane
Carmel, NY 10512

Stephanie Thomas
CT Secretary of State
165 Capitol Avenue, Suite 1000
Hartford, CT 06115

*/s/Aaron P. Cruz, ct 31107*
Aaron P. Cruz

Exhibit A

Case Number: 0000305757 -A 001

Mail Number: 7016 1970 0000 0830 4541

NORTH AMERICAN MEDIA, LLC
100 RESERVE RD STE 23
DANBURY, CT 06810 USA

 **Secretary of the State of Connecticut**
**Notice of Service of Process**
165 Capitol Avenue, P.O. Box 150470, Hartford, CT 06115-0470

NORTH AMERICAN MEDIA, LLC
100 RESERVE RD STE 23,
DANBURY, CT 06810 USA

Date: 2/14/2023 11:41:26 AM

Re: BOYD, DAVID                         v.  NORTH AMERICAN MEDIA, LLC, ET AL

To Whom It May Concern,

Legal process has been served on the Secretary of the State of Connecticut as the
Statutory Agent for Service of Process for the following defendant in the above
referenced matter. Enclosed is a copy of the submission to this office.

NORTH AMERICAN MEDIA, LLC

Enclosed is a copy of the submission to this office.

Sincerely,

Stephanie Thomas
Secretary of the State of Connecticut

By: Duane Brown
    860-509-6002

Case Number:        0000305757 -A 001
Mail Number:        7016 1970 0000 0830 4541
Enc.

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
SUPERIOR COURT
*www.jud.ct.gov*

**RECEIVED**

FEB 1 4 2023

Secretary of the State

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| **146 WHITE STREET, DANBURY, CT 06810** | ( 203 ) 207 – 8600 | 3/21/2023 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | DANBURY | Major: M | Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| COYNE, VON KUHN, BRADY & FRIES, 4 ARMSTRONG ROAD, SHELTON, CT 06484 | 419047 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 203 ) 378 – 7100 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) kcoyne@coynelaw.com/kpetkevich@coynelaw.com |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **BOYD, DAVID**<br>Address: **32 SUNSET HILL ROAD, BROOKFIELD, CT 06804** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **NORTH AMERICAN MEDIA, LLC, 100 RESERVE RD, SUITE 23, DANBURY, CT-AGENT FOR SERVICE:**<br>Address: **SECRETARY OF STATE, 165 CAPITOL AVENUE, SUITE 1000, HARTFORD, CT 06115** | D-01 |
| **Additional defendant** | Name: **MACROMARK, INC., 100 RESERVE RD, SUITE 23, DANBURY, CT-AGENT FOR SERVICE: SECRETARY**<br>Address: **OF STATE OF CT, 165 CAPITOL AVENUE, SUITE 1000, HARTFORD, CT 06115** | D-02 |
| **Additional defendant** | Name: **SARLI, ENRICO, 45 PENNEBROOK LANE, CARMEL, NY 10512-PURSUANT TO C.G.S. SECTION 52-59b:**<br>Address: **c/o SECRETARY OF STATE OF CONNECTICUT, STEPHANIE THOMAS, 165 CAPITOL AVENUE, SUITE** | D-03 |
| **Additional defendant** | Name: **1000, HARTFORD, CT 06115**<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against court.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing | For Court Use Only |
|---|---|---|---|---|
| 2/8/2023 | | ☐ Clerk | KEVIN S. COYNE | File Date |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Attest: A True Copy
John A. Lepito Jr.
State Marshal Hartford County

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other<br>*Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE: 3/21/2023          :          SUPERIOR COURT

DAVID BOYD                               :          J.D. OF DANBURY

VS.                                            :          AT DANBURY

NORTH AMERICAN MEDIA, LLC, ET AL          :          FEBRUARY 8, 2023

<u>**COMPLAINT**</u>

<u>*FIRST COUNT - RETALIATION AS AGAINST NORTH AMERICAN MEDIA, LLC AND MACROMARK, INC.:*</u>

    1.    At all relevant times, the plaintiff, David Boyd, is a citizen of the United States and a resident of the State of Connecticut.

    2.    At all relevant times, the defendant, North American Media, LLC (hereinafter "North American") is a limited liability company registered in the State of Wyoming, but has its principal place of business located at 100 Reserve Road, Suite 23, Danbury, Connecticut.

    3.    At all relevant time, the defendant, Macromark, Inc., (herein after "Macromark") is a corporation registered in the State of New York, but has its principal place of business located 100 Reserve Road, Suite 23, Danbury, Connecticut.

    4.    At all relevant times, the defendant North American is the successor entity to Macromark and both entities have the following individuals listed as their principals: David Klein, President; Adam Moran, Executive Vice President; and Ernico Sarli, Chief Financial Officer.

5. Enrico Sarli is an officer of both defendant corporate entities and an individual who resides at 45 Pennebrook Lane, Carmel, New York, 10512.

6. At all relevant times, the plaintiff, David Boyd, is a male over the age of 40 years.

7. At all relevant times, the defendant entities employed more than 15 employees at their business location in Connecticut.

8. The plaintiff, David Boyd, was hired by Macromark in August, 2005 in an administrative position.

9. Although North American was the successor entity to Macromark, the plaintiff, David Boyd, was still paid by payroll through an account maintained by Macromark.

10. The plaintiff, David Boyd, was terminated from his employment with the defendant corporate entities on March 2, 2022.

11. Following his termination, the plaintiff, David Boyd, filed a timely complaint affidavit with the Connecticut Commission on Human Rights & Opportunities and Equal Employment Opportunity Commission, CHRO number 2220318, EEOC number 16A-2022-00712.

12. The plaintiff, David Boyd, has obtained a release of jurisdiction from the CHRO dated December 21, 2022 and EEOC dated December 23, 2022.

13. The plaintiff, David Boyd, as part of his employment, was entitled to salary plus health, dental, eye benefits and four weeks vacation.

14.   Prior to April, 2021, the plaintiff, David Boyd, was aware of a sexual relationship between Enrico Sarli, who was a principal of the company, and a fellow female employee who was married.

15.   Upon information and belief, several other employees knew of the relationship between Enrico Sarli and the fellow female employee and complained to principals of the company about the relationship.

16.   As a result of complaints about this relationship, Enrico Sarli became upset and treated other female employees of the company differently.

17.   The plaintiff, David Boyd, was aware that Enrico Sarli would flaunt and not hide his sexual relationship with the fellow female employee and in fact, observed both engaged in sexual activity within the office of the defendant entities.

18.   The plaintiff, David Boyd, became aware that an employee who reports to Enrico Sarli by the name of Grace Bruno had issues and disputes with Enrico Sarli regarding Mr. Sarli's attitude toward her and the manner in which he behaved around Ms. Bruno, as well as the comments that he made to Ms. Bruno which included belittling comments as well as sexually related and offensive comments.

19.   Prior to April 21, 2021, the plaintiff, David Boyd, observed the defendant, Sarli, belittle Ms. Bruno in front of numerous employees of the company.

20.    On April 21, 2021, the plaintiff, David Boyd, overheard the defendant, Sarli, scream and yell at Grace Bruno while Ms. Bruno was at her desk telling her to "do her f---king job" and to go "f---k herself" while in the course of pushing a computer monitor of Ms. Bruno's towards her, knocking a tray from her desk, onto her feet and pointing a finger at her telling her to go "f---k herself."

21.    The plaintiff, David Boyd, also heard the defendant, Sarli, walking down the hall screaming that "Bruno is f---king out of here" at which time the plaintiff came to Bruno's office to check on her at which time Sarli came back into the office of Bruno and pushed the plaintiff to the ground.

22.    The plaintiff, David Boyd, then observed Sarli moving towards Bruno in a very aggressive manner and attempted to stop defendant, Sarli, at which time both Sarli and the plaintiff ended up on the floor.

23.    Thereafter, Adam Moran, another principal of the company, grabbed the plaintiff, David Boyd, in a chokehold while defendant, Sarli, was asked to leave the building and while he was leaving he was yelling at David Boyd that they could finish the altercation in the parking lot.

24.    The plaintiff, David Boyd, did not go to the parking lot, but returned to his desk feeling discomfort in his neck and throat and then went to Urgent Care in Brookfield, Connecticut, to be checked out.

25.    After the incident involving defendant, Sarli, and Mr. Moran, the plaintiff, David Boyd, did not feel comfortable returning to the office and advised David Klein, another principal of the company of same at which time it was agreed that defendant, Sarli, would stay out of the office.

26.    The plaintiff, David Boyd, eventually returned to the office in August of 2021, but was moved to a different position and was ostracized and left out of company business and assignments.

27.    Between August, 2021 and March of 2022, the plaintiff, David Boyd, received very few assignments and/or work, unlike his role prior to April, 2021.

28.    The incident involving defendant, Sarli, and Ms. Bruno, as well as the plaintiff, David Boyd, attempting to intervene, was investigated by defendant entity.

29.    The plaintiff, David Boyd, was interviewed as were many other employees, including the female employee that defendant, Sarli, was having a sexual relationship with.

30.    As part of the investigation and interview, that female employee with whom defendant, Sarli, was having a relationship with then made a complaint of harassment and discrimination on her own as against the plaintiff, David Boyd, which was further investigated. The plaintiff was advised that said complaint against him was not corroborated and was dismissed.

31.    In July, 2021 the plaintiff, David Boyd, through his counsel, requested the complete file and all disciplinary records as well as the investigation relating the complaints made against the plaintiff pursuant to Connecticut General Statutes §31-128b.

32.     The defendant entities, through their counsel, responded that they had no file to provide and did not feel they needed to respond and provide any such investigation and records about the plaintiff, David Boyd.

33.     Upon information and belief, in the June, 2021 timeframe, David Klein, a principal of the defendant entities, was overheard indicating that he was going to try to get the plaintiff, David Boyd, to come back to the office and that they would eventually terminate the plaintiff's employment.

34.     The plaintiff, David Boyd, witnessed behavior of the defendant, Sarli, which created a hostile work environment that was sexual in nature and was deemed offensive by many employees of the defendant entities.

35.     The plaintiff, David Boyd, shared this information with the principals of the company.

36.     The plaintiff, David Boyd, also attempted to intervene between the aggressive and hostile behavior defendant, Sarli, had towards a former employee and was assaulted by two principals of the company in response to attempts to intervene and opposed the improper behavior of defendant, Sarli.

37.     The plaintiff, David Boyd, fully cooperated with the defendants' investigation into the subject incident and was truthful.

38.     The defendant, Sarli, was charged with criminal offenses by the police and the plaintiff, David Boyd, was interviewed and also fully cooperated with the police.

39.    As a result of the termination of the plaintiff's employment, the plaintiff, David Boyd, has sustained lost wages, benefits, and suffered emotional distress, anxiety, humiliation, and suffering.

40.    The actions of the defendant entities were intentional and malicious.

41.    The above actions of termination are discriminatory in nature and in retaliation for the plaintiff making complaints about and expressing his opposition of sexual harassment and the hostile work environment created by defendant, Sarli.

42.    The above actions of the defendants are retaliatory in nature in violation of Connecticut General Statutes §46a-60 and Title VII of the Civil Rights Act of 1964.

## COUNT TWO - HOSTILE WORK ENVIRONMENT AS AGAINST NORTH AMERICAN MEDIA, LLC AND MACROMARK, INC.:

1-42.    Paragraphs 1 through 42 of Count One are hereby incorporated and made paragraphs 1 through 42 of this Count Two as if fully set forth herein.

43.    The defendant entities violation Title VII and Connecticut General Statutes §46a-60 and subjected the plaintiff, David Boyd, to a hostile work environment.

## COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST NORTH AMERICAN MEDIA, LLC AND MACROMARK, INC.:

1-42.    Paragraphs 1 through 42 of Count One are hereby incorporated and made paragraphs 1 through 42 of this Count Three as if fully set forth herein.

43.    The conduct mentioned above by the defendants, North American Media, LLC and Macromark, Inc., was extreme and outrageous and subjected the plaintiff, David Boyd, to severe emotional distress.

### COUNT FOUR – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST NORTH AMERICAN MEDIA, LLC AND MACROMARK, INC.

1-42.    Paragraphs 1 through 42 of Count One are hereby incorporated and made paragraphs 1 through 42 of this Count Four as if fully set forth herein.

43.    The conduct mentioned above by the defendants, North American Media, LLC and Macromark, Inc., might lead someone to believe that it would inflict emotional distress upon the person subject to their conduct.

### COUNT FIVE – NEGLIGENTCE AS AGAINST ENRICO SARLI:

1-24.    Paragraphs 1 through 24 of Count One are hereby incorporated and made paragraphs 1 through 24 of Count Five as if fully set forth herein.

25.    As a result of the conduct between the defendant, Sarli, and the plaintiff, David Boyd, the plaintiff was caused to suffer injuries and damages including injuries to his throat; abrasions to his body; humiliation; embarrassment; and emotional distress.

26.    The plaintiff, David Boyd's, injuries were caused by the negligence of the defendant, Enrico Sarli, in one or more of the following ways:

a)    he failed to comprehend and appreciate the danger that his conduct would cause to David Boyd;

b)    he used excessive and unnecessary force in physically pushing and making contact with David Boyd;

c)    he failed to exercise proper and reasonable care under the circumstances then and there existing;

d)    he created an unsafe situation by making physical contact with David Boyd;

e)    he created and permitted a safety hazard by physically contacting David Boyd;

f)    he failed to maintain a calm and reasonable demeanor when approaching David Boyd;

g)    he failed to initiate or maintain a proper distance from David Boyd;

h)    he failed to ensure the safety of David Boyd when he knew or should have known that his failure to keep a calm and reasonable demeanor and the proper distance from David Boyd could result in physical contact with David Boyd which could cause injury to Davie Boyd; and

i)    he failed to refrain from physically contacting David Boyd.

27.    As a further result of the defendant, Enrico Sarli's, negligence and carelessness, the plaintiff, David Boyd, was required to undergo medical care and treatment and may be required to undergo medical care and treatment in the future.

28.    As a further result of the defendant, Enrico Sarli's, negligence and carelessness as aforesaid, the plaintiff, David Boyd, has incurred expenses for costs of medical care and treatment and may continue to do so in the future.

29.    The defendant, Enrico Sarli, is liable to the plaintiff, David Boyd, for the injuries and damages that David Boyd has suffered and may suffer in the future as a result of the subject incident.

### *COUNT SIX – RECKLESSNESS AS AGAINST ENRICO SARLI:*

1-25.    Paragraphs 1 through 25 of Count Five are hereby incorporated and made paragraphs 1 through 25 of Count Six as if fully set forth herein.

26.    The plaintiff, David Boyd's, injuries and damages were caused by the willful, reckless, and wanton misconduct of the defendant, Enrico Sarli, in one or more of the following ways:

a)    he failed to comprehend and appreciate the danger that his conduct would cause to David Boyd;

b)    he used excessive and unnecessary force in physically pushing and making contact with David Boyd;

c)    he failed to exercise proper and reasonable care under the circumstances then and there existing;

d)    he created an unsafe situation by making physical contact with David Boyd;

e)    he created and permitted a safety hazard by physically contacting David Boyd;

f)  he failed to maintain a calm and reasonable demeanor when approaching David Boyd;

g)  he failed to initiate or maintain a proper distance from David Boyd;

h)  he failed to ensure the safety of David Boyd when he knew or should have known that his failure to keep a calm and reasonable demeanor and the proper distance from David Boyd could result in physical contact with David Boyd which could cause injury to Davie Boyd; and

i)  he failed to refrain from physically contacting David Boyd.

27-29.  Paragraphs 27, 28 and 29 of Count Five are hereby incorporated and made paragraphs 27, 28, and 29 of Count Six as if fully set forth herein.

### COUNT SEVEN – INTENTIONAL MISCONDUCT AS AGAINST ENRICO SARLI:

1-25.  Paragraphs 1 through 25 of Count Six are hereby incorporated and made paragraphs 1 through 25 of Count Seven as if fully set forth herein.

26.  The plaintiff, David Boyd's, injuries and damages were caused by the intentional misconduct of the defendant, Enrico Sarli, in one or more of the following ways:

a)  he failed to comprehend and appreciate the danger that his conduct would cause to David Boyd;

b)  he used excessive and unnecessary force in physically pushing and making contact with David Boyd;

c)     he failed to exercise proper and reasonable care under the circumstances then and there existing;

d)     he created an unsafe situation by making physical contact with David Boyd;

e)     he created and permitted a safety hazard by physically contacting David Boyd;

f)     he failed to maintain a calm and reasonable demeanor when approaching David Boyd;

g)     he failed to initiate or maintain a proper distance from David Boyd;

h)     he failed to ensure the safety of David Boyd when he knew or should have known that his failure to keep a calm and reasonable demeanor and the proper distance from David Boyd could result in physical contact with David Boyd which could cause injury to Davie Boyd; and

i)     he failed to refrain from physically contacting David Boyd.

27-29.  Paragraphs 27, 28 and 29 of Count Five are hereby incorporated and made paragraphs 27, 28, and 29 of Count Six as if fully set forth herein.

WHEREFORE, the plaintiff claims:

    1.     Defendants, North American Media, LLC and Macromark, Inc. compensate the plaintiff, David Boyd, for his lost wages and benefits plus interest;

    2.     Compensatory damages;

    3.     Punitive damages;

    4.     Attorneys' fees;

    5.     Such other relief as deemed equitable in this situation.

THE PLAINTIFF

BY: _____
Kevin S. Coyne
Coyne, von Kuhn, Brady & Fries, LLC

RETURN DATE: 3/21/2023        :       SUPERIOR COURT

DAVID BOYD               :       J.D. OF DANBURY

VS.                           :       AT DANBURY

NORTH AMERICAN MEDIA, LLC, ET AL    :       FEBRUARY 8, 2023

### *STATEMENT OF AMOUNT IN DEMAND*

The plaintiff in the above-referenced matter claims damages in an amount greater than Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFF

BY: _____

Kevin S. Coyne

Coyne, von Kuhn, Brady & Fries, LLC

## General Information

Business Name
NORTH AMERICAN MEDIA, LLC

Business ALEI
1361451

Business status
ACTIVE

Date formed
10/5/2020

Citizenship/place of formation
Foreign/WY

Business type
LLC

Business address
100 RESERVE RD STE 23, DANBURY, CT,
06810, United States

Mailing address
100 RESERVE RD STE 23, DANBURY, CT,
06810, United States

Office in jurisdiction
1910 THOMAS AVE, CHEYENNE, WY, 82001,
United States

Mailing address state of formation
1910 THOMAS AVE, CHEYENNE, WY, 82001,
United States

Annual report due
3/31/2024

Last report filed
2023

NAICS code
Advertising Agencies (541810)

NAICS sub code

## Principal Details

## Agent details

Agent name
Secretary of State

Agent Business address
165 Capitol Ave., P.O. BOX 150470, P.O. BOX
150470, Hartford, CT, 06115-0470, United
States

Agent Mailing address
165 CAPITOL AVENUE, P.O. BOX 150470,

Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVID BOYD                       :        CASE NO.:
      Plaintiff                :
VS.                          :
                           :
NORTH AMERICAN MEDIA, LLC    :
ET AL.                      :        MARCH 10, 2023
      Defendant             :

## DECLARATION OF DAVID KLEIN

I, David Klein, do depose and state as follows:

1.     I am over the age of 18 and understand the obligations of an oath.

2.     I am employed by North American Media, LLC, as its Chief Executive Officer.

3.     I was an owner of Macromark, Inc.

4.     Macromark, Inc.'s business operations began winding down in 2020.

5,     North American Media, LLC, was established in 2020.

6.     In October 2021, I and the other owners of Macromark, Inc., Adam Moran, and Enrico Sarli, contributed the remainder of our equity in Macromark, Inc. to North American Media, LLC, as initial shareholder contributions.

7.     Macromark, Inc. was formally dissolved in March 2022.

5.     I have personal knowledge of matters stated herein.

6.     The Plaintiff, David Boyd, commenced this action through service of the Summons and Complaint upon the Connecticut Secretary of State as North American Media, LLC's and Macromark, Inc.'s agent for service.

7.     On February 14, 2023, the Connecticut Secretary of State was served a copy of the Summons and Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th of March, 2023.

David Klein